## In re McKNIGHT.

Court of Claims of Ohio,
Victims of Crime Division.

No. V92–68472.

Decided Oct. 21, 1993.

*James H. French,* for applicant.

*Lee Fisher,* Attorney General, for the state.

RUSSELL LEACH, Judge.

This matter came on to be considered upon the Attorney General's appeal from the June 8, 1993 order issued by the panel of commissioners. The panel's determination denied the Attorney General's motion to dismiss an "untimely appeal" and scheduled the matter for hearing before a panel of commissioners.

Applicant Darrell McKnight filed an objection and notice of appeal to the single commissioner's order forty-one days after the date of its journalization. The

Attorney General argued that there is no exception to the mandatory thirty-day appeal time from the single commissioner's determination.

R.C. 2743.55(C) provides the following:

"(C) Each claim for an award of reparations shall be heard by a single commissioner. The commissioner may determine the claim and make an award administratively without a hearing. If a claimant or the attorney general objects to the determination or award made by a single commissioner and files an *objection with the clerk within thirty days after journalization of the order of the commissioner*, the claim shall be heard by a panel of three commissioners who shall make an award or deny the claim upon a majority vote." (Emphasis added.)

This court has held on previous occasions that there are no exceptions to the thirty-day appeal time from the determination of the single commissioner. *In re Martin* (Aug. 11, 1987), Ct. of Cl. No. V85–65536jud, unreported; *In re Sanders* (Nov. 10, 1987), Ct. of Cl. No. V84–44314jud, unreported. However, waiver from this thirty-day rule has been allowed where the applicant has demonstrated or the court has become aware of administrative or clerical errors that were the fault of the court and where necessary information was unavailable until after the thirty-day period had expired. See *In re Ross* (June 4, 1984), Ct. of Cl. No. V83–51171jud, unreported, and *In re Vasi* (1989), 61 Ohio Misc.2d 327, 578 N.E.2d 915.

A review of the file in this matter reveals no administrative error or newly discovered information that was not previously available prior to the thirty-day appeal period. While not removing from the panel their ability to use discretion as to objections filed outside the thirty-day period, there is no evidence of error or excuse to allow for this specific late appeal. Therefore, the June 8, 1993 decision of the panel of commissioners is reversed and this claim is denied consistent with the March 9, 1993 order of the single commissioner.

Upon review of the evidence, the court finds the order of the panel of commissioners shall be reversed and the Attorney General's appeal is GRANTED.

IT IS HEREBY ORDERED THAT:

1. The order of June 8, 1993 (Jr. Vol. 1205, Pages 134–135) is REVERSED;

2. This claim is DENIED and judgment entered for the state of Ohio;

3. Costs assumed by the reparations fund.

*Order reversed.*

RUSSELL LEACH, J., retired, of the Franklin County Municipal Court, sitting by assignment.