**In re RAYMOND.**

Court of Claims of Ohio,
Victims of Crime Division.
No. V92–90567.
Decided July 29, 1994.

*Mark A. Raymond, pro se.*

*Lee Fisher,* Attorney General, for the state.

OPINION AND ORDER OF THREE-COMMISSIONER PANEL.

This cause came to be heard before this panel of three commissioners on June 16, 1994 upon applicant Mark A. Raymond's December 16, 1993 objection and notice of appeal to the November 5, 1993 decision of the single commissioner.

The Attorney General and applicant attended the hearing and presented testimony and oral argument for this panel's consideration.

On May 19, 1994, the Attorney General filed a motion to dismiss the appeal as untimely, and this motion was reiterated at the hearing, as the objection and notice of appeal were filed December 16, 1993, thirty-nine days after the single commissioner's decision of November 5, 1993. The applicant stated that his objection and notice of appeal were not timely filed because he was in the hospital for surgery from approximately November 5, 1993 to December 20, 1993. Applicant testified that he had to rely on others to retrieve his mail, which was not done on a daily basis, and then once he received the single commissioner's decision, he completed the objection and notice of appeal from his hospital bed. Applicant then had to rely on someone to take his objection and notice of appeal to the post office.

The court in *In re McKnight* (1993), 67 Ohio Misc.2d 27, 644 N.E.2d 742, held that the panel commissioners have discretion to hear objections filed outside the thirty-day period "when the applicant has demonstrated or the court has become aware of administrative or clerical errors that were the fault of the court and where necessary information was unavailable until after the thirty-day period had expired."

This panel finds uncontroverted evidence that applicant was hospitalized from approximately November 5, 1993 to December 16, 1993 for surgery that was a result of the lingering rehabilitation of applicant, who sustained a gunshot wound that left him a paraplegic. In light of the applicant's apparent disabilities, a third exception to the two exceptions outlined in *In re McKnight,* which allow the panel commissioners discretion in the filing of an untimely objection and notice of appeal, shall be found in this limited instance where evidence exists of applicant's incapacitation or medical disability during the thirty-day period allowed for the filing of an objection and notice of appeal. Therefore, the Attorney General's motion to dismiss the appeal as untimely shall be denied.

The single commissioner had denied applicant's claim pursuant to R.C. 2743.52(A) and *In re Coffman* (Feb. 20, 1987), Ct. of Cl. No. V86–43382sc, unreported, as the applicant failed to prove, by a preponderance of the evidence, that he qualifies as a victim of criminally injurious conduct. Specifically, the single commissioner found that applicant was injured while attempting suicide. The applicant, in his objection and notice of appeal and at the hearing, denies that he attempted suicide and dismisses the evidence that exists supporting the single commissioner's finding of an attempted suicide.

From review of the file and with full consideration given to the testimony and oral argument presented at the hearing, this panel finds that applicant was not a victim of criminally injurious conduct and that the single commissioner properly

addressed the issues and interpreted the law. Hence, the November 5, 1993 order of the single commissioner denying applicant's claim shall be affirmed.

IT IS THEREFORE ORDERED THAT:

1. The May 19, 1994 motion of the Attorney General to dismiss the appeal as untimely is DENIED;

2. The November 5, 1993 order of the single commissioner is AFFIRMED;

3. This claim is denied, and judgment is entered for the state of Ohio;

4. Costs assumed by the reparations fund.

*Judgment for the state.*

JAMES H. HEWITT III, KARL H. SCHNEIDER and PHILLIP E. PARISI, Commissioners, concur.